UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**NATALIA DIAZ,**

    **Plaintiff,**

    v.                                  Case No.:

**INTELAGREE, LLC,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **Natalia Diaz** ("Plaintiff"), by and through the undersigned counsel, hereby files this complaint against Defendant, **IntelAgree, LLC,** ("Defendant") and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages, exclusive of interest, fees, and costs, and for declaratory relief, for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and the Florida Civil Rights Act of 1992, as amended ("FCRA").

2. This court has subject matter jurisdiction under 28 U.S.C. § 1331, and 42 U.S.C. § 2000e et seq.,

3. Venue is proper in the Middle District of Florida, because the events giving rise to this claim arose in Hillsborough County, which lies within the Middle District of Florida.

### PARTIES

4. Plaintiff is a resident of Hillsborough County, Florida.

5. Defendant is authorized and doing business in the State of Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII, the ADA, and the FCRA.

10. At all times material hereto, Defendant employed fifteen or more employees. Thus, Defendant is an "employer" within the meaning of Title VII, the ADA, and the FCRA.

11. At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's protected rights.

## FACTS

12. Plaintiff was employed by Defendant from on or around November 16, 2020, until her unlawful termination on or around February 20, 2025.

13. At the time of her termination, Plaintiff held the title of Manager, Client Support.

14. Plaintiff is a female, as Defendant is aware.

15. Plaintiff was an exemplary employee who was qualified for her position and excelled in her role.

16. Plaintiff was qualified for her position, as evidenced by her multi-year tenure, positive Performance Reviews, and lack of any verbal warnings or write-ups.

17. During her employment, Plaintiff noticed that female employees were treated less favorably than male employees in the office.

18. For example, female employees, including Plaintiff, were frequently talked over, ignored, disrespected, and never received the same level of praise for their accomplishments as their male counterparts.

19. Plaintiff was treated less favorably than her similarly situated male employees.

20. For example, in early 2024, Plaintiff's supervisor told Plaintiff, "I hadn't thought about it, but if I had to replace you, I'd probably pick Jeff."

21. On or around August 9, 2024, Plaintiff complained to Defendant's HR Department that she felt that she and other female employees were being treated less favorably than male employees and that Defendant was fostering a "boys club" culture in the office.

22. Defendant failed to take any remedial action in response to Plaintiff's protected complaint or even respond at all.

23. Almost immediately thereafter, in direct retaliation to her protected complaint, Plaintiff was placed on an unfounded Performance Improvement Plan ("PIP") on August 16, 2024.

24. Prior to being placed on the PIP, Plaintiff had not been made aware of any sort of performance or attendance issues.

25. Defendant placed Plaintiff on an unfounded PIP just one week after her protected complaint.

26. Furthermore, around the same time that Plaintiff submitted her protected complaint about sex discrimination, one of Plaintiff's female colleagues, Jamie, filed a similar complaint about sex discrimination, stating that she believed Defendant was a "boys club."

27. The day after her colleague Jamie's complaint, Defendant responded to her and stated that her claims were unfounded.

28. It appears that Defendant failed to conduct any real investigation into either complaint or failed to take any remedial action.

29. Immediately after being placed on the PIP, Plaintiff complained to Defendant that she felt the PIP was issued in retaliation to her protected complaint about sex discrimination.

30. As Defendant was aware, Plaintiff suffers from Post-Traumatic Stress Disorder ("PTSD"), depression, and attention-deficit/hyperactivity disorder ("ADHD").

31. Plaintiff suffered from mental impairments that substantially limited one or more of her major life activities.

32. Plaintiff had previously disclosed her disabilities to HR and her boss and reiterated to Defendant that she suffered from ADHD and PTSD during her PIP review with HR and her manager.

33. During the conversation with HR and Plaintiff's manager, the HR representative prompted Plaintiff to tell her manager about her thoughts about the "boys club" culture, which made Plaintiff very uncomfortable.

34. At all times, Plaintiff was able to perform the essential functions of her position with or without accommodation.

35. In late 2024, Plaintiff was diagnosed with Autism Level 1 and disclosed her diagnosis to Defendant. Plaintiff had previously informed HR that she was being tested for autism.

36. Plaintiff requested reasonable accommodations for her disabilities and provided Defendant with proper documentation to support her request.

37. Plaintiff's request for accommodations was reasonable and did not pose an undue hardship on the business.

38. During the interactive process, Plaintiff again complained that her supervisor treated her in a disparate manner due to her sex and disabilities.

39. Defendant granted some of Plaintiff's requests for accommodation but denied most of her requests.

40. In retaliation to her protected activity, Defendant created rules for Plaintiff's working hours which had never been in place.

41. Defendant also treated Plaintiff in a less favorable manner that her male colleagues by removing her schedule flexibility and open PTO and required her to ask for approval for everything. Defendant did not enforce these same rules for Plaintiff's similarly situated male colleagues.

42. After Defendant denied Plaintiff's requests for accommodation, Defendant attempted to get Plaintiff to accept a demotion that would have been a substantial reduction in salary.

43. Plaintiff again engaged in protected activity when she complained about Defendant's failure to accommodate, her supervisor's discriminatory behavior, and the retaliation she was experiencing since her protected complaint and request for accommodation.

44. Specifically, Plaintiff complained that her boss was often late to their one-on-one meetings and that he engaged in inappropriate discussions with male employees.

45. Around this time, Plaintiff applied for and was interviewed for a QA role within the company.

46. Plaintiff also requested accommodations with her schedule so that she could have the same flexibility as her male colleagues.

47. Defendant informed Plaintiff that her manager would address her request in their next 1-on-1 meeting.

48. During the 1-on-1 meeting, Defendant terminated Plaintiff's employment under pretext.

49. Defendant treated Plaintiff less favorably than her similarly situated colleagues due to Plaintiff's sex and disabilities.

50. Defendant failed to properly accommodate Plaintiff or otherwise engage in the interactive process.

51. Defendant chose to retaliate against the Plaintiff for engaging in protected activity under Title VII, the ADA, and the FCRA.

52. Plaintiff was subject to materially adverse employment action by the Defendant for engaging in protected activity under Title VII, the ADA, and the FCRA.

53. Defendant's actions were willful and done with a reckless disregard for the Plaintiff's rights under Title VII, the ADA, and the FCRA.

## COUNT I —TITLE VII VIOLATION
### (SEX DISCRIMINATION)

54. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 53 of this Complaint as though fully set forth herein.

55. Plaintiff is a member of a protected class under Title VII due to her sex.

56. Plaintiff was subjected to disparate treatment due to her sex.

57. Defendant knew or should have known of the disparate treatment suffered by Plaintiff and failed to intervene or to take prompt and effective remedial action in response.

58. Defendant's actions were willful and done with malice.

59. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of law enumerated herein;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as the Court deems just and equitable.

## COUNT II — TITLE VII RETALIATION

60. Plaintiff realleges and readopts the allegations of paragraphs 1 through 53 of this Complaint, as though fully set forth herein.

61. Plaintiff is a member of a protected class under Title VII.

62. Plaintiff exercised or attempted to exercise her rights under Title VII, thereby engaging in protected activity under Title VII.

63. Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by terminating her employment.

64. Defendant has taken material adverse action against Plaintiff.

65. Defendant's actions were willful and done with malice.

66. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under Title VII;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

(f) Front pay;

(g) Any other compensatory damages, including emotional distress, allowable at law;

(h) Punitive damages;

(i) Prejudgment interest on all monetary recovery obtained.

(j) All costs and attorney's fees incurred in prosecuting these claims; and

(k) For such further relief as this Court deems just and equitable.

## **COUNT III – FCRA VIOLATION (SEX DISCRIMINATION)**

67. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 53 of this Complaint as though fully set forth herein.

68. Plaintiff is a member of a protected class under the FCRA due to her sex.

69. Plaintiff was subjected to disparate treatment due to her sex.

70. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

71. Plaintiff was injured due to Defendant' willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

(a) Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FCRA;

(b) Enjoin and permanently restrain Defendant from further violations of the FCRA;

(c) Award back pay to Plaintiff plus interest and all benefits;

(d) Award liquidated damages to Plaintiff;

(e) Award reasonable attorney's fees and costs to Plaintiff; and

(f) Additional relief to which Plaintiff is entitled, including equitable relief.

## COUNT IV – FCRA VIOLATION (DISABILITY DISCRIMINATION)

72. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 53 of this Complaint as though fully set forth herein.

73. Plaintiff is a member of a protected class under the FCRA due to her disabilities.

74. Plaintiff was subjected to disparate treatment due to her disabilities.

75. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

76. Plaintiff was injured due to Defendant' willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

    (a)    Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FCRA;

    (b)    Enjoin and permanently restrain Defendant from further violations of the FCRA;

    (c)    Award back pay to Plaintiff plus interest and all benefits;

    (d)    Award liquidated damages to Plaintiff;

    (e)    Award reasonable attorney's fees and costs to Plaintiff; and

    (f)    Additional relief to which Plaintiff is entitled, including equitable relief.

## COUNT V – FCRA RETALIATION

77. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 53 of this Complaint as though fully set forth herein.

78. Plaintiff is a member of a protected class under the FCRA.

79. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating Plaintiff's employment.

80. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

81. Plaintiff was injured due to Defendant' willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

(g) Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FCRA;

(h) Enjoin and permanently restrain Defendant from further violations of the FCRA;

(i) Award back pay to Plaintiff plus interest and all benefits;

(j) Award liquidated damages to Plaintiff;

(k) Award reasonable attorney's fees and costs to Plaintiff; and

(l) Additional relief to which Plaintiff is entitled, including equitable relief.

## COUNT VI —ADA VIOLATION
### (DISCRIMINATION)

82. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 53 of this Complaint as though fully set forth herein.

83. Plaintiff is a member of a protected class under the ADA due to her disabilities.

84. Plaintiff was subjected to disparate treatment because of her disabilities.

85. Defendant knew or should have known of the disparate treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

86. Defendant's actions were willful and done with malice.

87. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(k) A jury trial on all issues so triable;

(l) That process issues and that this Court take jurisdiction over the case;

(m) An injunction restraining continued violation of law enumerated herein;

(n) Compensation for lost wages, benefits, and other remuneration;

(o) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(p) Compensatory damages, including emotional distress, allowable at law;

(q) Punitive damages;

(r) Prejudgment interest on all monetary recovery obtained;

(s) All costs and attorney's fees incurred in prosecuting these claims; and

(t) For such further relief as the Court deems just and equitable.

## COUNT VII — ADA RETALIATION

88. Plaintiff realleges and readopts the allegations of paragraphs 1 through 53 of this Complaint, as though fully set forth herein.

89. Plaintiff is a member of a protected class under the ADA due to her disabilities.

90. Plaintiff exercised or attempted to exercise her rights under the ADA, thereby engaging in protected activity under the ADA.

91. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating her employment.

92. Defendant has taken material adverse action against Plaintiff.

93. Defendant's actions were willful and done with malice.

94. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(l) A jury trial on all issues so triable;

(m) That process issue and that this Court take jurisdiction over the case;

(n) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

(o) Compensation for lost wages, benefits, and other remuneration;

(p) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

(q) Front pay;

(r) Any other compensatory damages, including emotional distress, allowable at law;

(s) Punitive damages;

(t) Prejudgment interest on all monetary recovery obtained.

(u) All costs and attorney's fees incurred in prosecuting these claims; and

(v) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

Dated this 30th day of September 2025.

Respectfully submitted,

*/s/ Samuel Doxsee*
**SAMUEL DOXSEE**
Florida Bar Number: 127318
**CHAD A. JUSTICE**
Florida Bar Number: 121559
**JUSTICE LITIGATION ASSOCIATES, PLLC**
1205 N Franklin St
Suite 326
Tampa, Florida 33602
Direct No. 813-566-0550
Facsimile: 813-566-0770
E-mail: sam@justicelitigation.law
E-mail: chad@justicelitigation.law
**Attorneys for Plaintiff**